UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUPTI PATIL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, DFCS, et al.,<br><br>    Defendants. | Case No.16-cv-01418 NC<br><br>**ORDER TO SHOW CAUSE** |

      Plaintiff Trupti Patil filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331; however, the removal notice did not include the state court complaint or docket sheet. In plaintiff's motion to recuse a state court judge, Patil appears to refer to the underlying case as a family law matter, which arises exclusively out of state law. Accordingly, plaintiff must show cause in writing why removal is proper by April 11, 2016. Also by April 11, 2016, the parties must consent or decline to the jurisdiction of a United State Magistrate Judge, by submitting the form attached.

      Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before

Case No.16-cv-01418 NC

the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  Federal courts do not have jurisdiction over family law matters; rather, those decisions rest firmly with the state courts.  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees").

Generally, the removal statute governs only defendants seeking to remove a case into federal court.  28 U.S.C. § 1446.  Here, Patil is listed as the plaintiff in this lawsuit, so removal is only proper if Patil is the defendant in the state court action.  Additionally, a defendant seeking to remove a state court proceeding must comply with the procedural requirements set out in 28 U.S.C. § 1446.  First, a defendant must file a notice of removal that contains a short and plain statement of the grounds for removal, together with a copy of all proceedings, pleadings, and orders.  28 U.S.C. § 1446(a).  Second, removal of an action from state court must be brought within 30 days after receipt of the lawsuit by the defendant.  28 U.S.C. § 1446(b).

For additional guidance, Patil may refer to the Federal Pro Se Program at the San Jose Courthouse, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases.  The Federal Pro Se Program is available by appointment and on a drop-in basis at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: March 24, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge