**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TRUPTI PATIL,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, DFCS, et al.,<br><br>    Defendants. | Case No. 16-cv-01418-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND REMANDING CASE TO STATE COURT**<br><br>[Re: ECF 15] |

Before the Court is Magistrate Judge Nathanael Cousins' April 14, 2016 Report and Recommendation that this action be remanded to the Santa Clara County Superior Court. R&R, ECF 15. No objections to the Report and Recommendation have been filed and the deadline to object has elapsed. *See* Fed. R. Civ. P. 72(b)(2) (deadline for objections is fourteen days after being served with report and recommendation).

The Report and Recommendation is well-founded in fact and law. Plaintiff Trupti Patil removed this action on the basis of federal question and diversity jurisdiction, racial discrimination under 28 U.S.C. § 1443(1), and seeking the recusal of Santa Clara County Superior Court Judge L Michael Clark under 28 U.S.C. § 455. Notice of Removal ¶¶ 2, 6. However, Plaintiff failed to attach a copy of the complaint. On that basis, the Court was unable to confirm subject matter jurisdiction. The Court issued an order to show cause to Plaintiff, giving her the opportunity to file the state court complaint or otherwise explain the basis for subject matter jurisdiction. ECF 10. Plaintiff did not respond to the order to show cause.

As noted by Judge Cousins, federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C.

1  § 1441.  The removal statutes are construed restrictively so as to limit removal jurisdiction.  *See*

2  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  The Ninth Circuit recognizes

3  a "strong presumption against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

4  (internal quotations omitted).  Any doubts as to removability should be resolved in favor of

5  remand.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

6  The removing party bears the burden of showing that removal is proper.  *See Valdez v. Allstate*

7  *Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  A district court has a *sua sponte* obligation to

8  ensure that it has subject matter jurisdiction over a case. 28 U.S.C. § 1447(c); *see also Corp.*

9  *Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that

10  "[a] district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any

11  time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a

12  district court has power to remand a case *sua sponte* when it lacks subject matter jurisdiction).

13        The Notice of Removal asserts the Court has jurisdiction under (1) 28 U.S.C. § 1443(1), a

14  statute a statute permitting removal where the state in which the action was filed has enacted a

15  statute or constitutional provision commanding state courts to ignore federal protections of equal

16  racial civil rights, *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006); and (2) 28 U.S.C.

17  §§ 1332, 1332(b)(3), and 1441(a), statutes allowing removal based on   diversity jurisdiction.

18  Notice of Removal ¶¶ 6, 7, 10 ECF 1.  The Notice of Removal also asserts a claim under 42

19  U.S.C. § 1983, *see* Notice of Removal ¶ 10, ECF 1, which the Court construes as Plaintiff

20  asserting federal question jurisdiction under 28 U.S.C. § 1331.  See *Eldridge v. Block*, 832 F.2d

21  1132, 1137 (9th Cir.1987) ("The Supreme Court has instructed the federal courts to liberally

22  construe the 'inartful pleading' of pro se litigants.").

23        However, from the face of the Notice of Removal, the Court cannot determine whether

24  Plaintiff has actually pled that this Court has subject matter jurisdiction over this action.  First, the

25  Notice of Removal does not indicate that California enacted a statute directing state courts to

26  ignore federal protections of equal racial civil rights.  *See* Notice of Removal ¶ 6 (alleging

27  discrimination but not that a state law exists directing state courts to ignore equal racial civil

28  rights).  Second, the Notice of Removal does not sufficiently indicate whether Plaintiff, who has a

United States District Court
Northern District of California

2

California mailing address, Notice of Removal 1, ECF 1, and Defendants County of Santa Clara Department of Family and Children's Services, Law Foundation of Silicon Valley, erroneously sued as LACY, Legal Advocacy Center for Children and Youth, Dependency Advocacy Center, Kastubh Ashok Patekar, and Sudha Ashok Patekar have complete diversity.  *See* Notice of Removal ¶ 10 (only stating that "[m]ultiple defendants from different country (*sic*) satisfies 28 U.S. C. (*sic*) § 1332 (b) and 1441").  Third, the Notice of Removal does not indicate whether Plaintiff alleged a 42 U.S.C. § 1983 claim in the underlying state court action.  *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (""[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Since subject matter jurisdiction is not apparent on the face of Plaintiff's Notice of Removal, Judge Cousins issued an order to show cause why removal was proper on March 24, 2016, with any response due by April 11, 2016.  ECF 10.  Plaintiff did not file a response to the order to show cause and on April 14, 2016, and Judge Cousins issued a report and recommendation that this action be remanded for lack of subject matter jurisdiction.  ECF 15.  Plaintiff did not file an objection to the report and recommendation.[1]  After reviewing Judge Cousins' report and recommendation and the Notice of Removal, the Court agrees with Judge Cousins and ADOPTS his report and recommendation in its entirety.  Accordingly, this case is hereby REMANDED to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: April 29, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court notes that the mailing of the Report and Recommendation was returned to the Court as undeliverable.  The Court has confirmed that the proper address provided by Plaintiff was used.  Moreover, the Court notes that the mailing of the order to show cause was not returned as undeliverable.  Since it is Plaintiff's duty to inform the Court of her current address, *see* Civil L.R. 3-11(a), the Court deems service to be proper.